## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

EDGAR BAILEY, JR.,            )
                         )
        *Petitioner*,       )
                         )     No.:  1:13-cv-268-CLC-WBC
v.                        )
                         )
BRENDA JONES, Warden,    )
                         )
        *Respondent*.     )

## <u>MEMORANDUM</u>

This is a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Edgar Bailey, Jr. ("petitioner").  The matter is before the Court on the motion to dismiss filed by the Attorney General for the State of Tennessee on behalf of the respondent and petitioner's response in opposition.  For the following reasons, the motion to dismiss (Court File No. 9) will be **GRANTED** and this action will be **DISMISSED WITH PREJUDICE**.

Petitioner challenges his 2004 Hamilton County convictions for felony murder, aggravated assault (three counts), and setting fire to personal property.   The Attorney General moves to dismiss the habeas corpus petition as untimely.  In support of the motion to dismiss, the Attorney General has provided the Court with copies of the relevant documents in petitioner's direct appeal and post-conviction proceedings.  (Court File No. 10, Notice of Filing of Documents, Addenda 1-4).

Petitioner was convicted by a jury of first degree premeditated murder and felony murder, which were merged by the trial court; three counts of aggravated assault; and one count of setting fire to personal property. He was sentenced to life in prison for the murder conviction, five years each on the aggravated assault convictions, and eleven months, twenty-nine days on the setting fire to personal property conviction; all sentences were ordered to be served concurrently. On direct appeal, the Tennessee Court of Criminal Appeals reversed the first degree premeditated murder conviction because of incomplete jury instructions and remanded for a new trial and affirmed the remaining convictions; the appellate court also remanded for resentencing on the setting fire to personal property conviction because the trial court treated the offense as a Class A misdemeanor rather than as a Class E felony. *State v. Bailey*, No. E2005-02186-CCA-R3-CD, 2006 WL3787911 at *1 (Tenn. Crim. App. Dec. 27, 2006), *perm. app. denied, id.* (Tenn. April 23, 2007).

On remand, the State dismissed the first degree premeditated murder charge and the trial court resentenced petitioner to a term of one year on the setting fire to personal property conviction. *Bailey v. State*, No. E2009-00203-CCA-R3-PC, 2009 WL 3616665 at *1 (Tenn. Crim. App. Nov. 3, 2009), *perm. app. denied, id.* (Tenn. April 23, 2010). Petitioner subsequently filed a petition for post-conviction relief on November 24, 2008, which was summarily dismissed by the trial court as time-barred and the Tennessee Court of Criminal Appeals affirmed the summary dismissal. *Id*. at *3.

Petitioner next filed on July 9, 2012 in the state court, a petition for the writ of habeas corpus, which was summarily dismissed and the Tennessee Court of Criminal

2

Appeals affirmed. *Bailey v. Barbee*, No. W2012-01729-CCA-R3-HC, 2013 WL 865329 (Tenn. Crim. App. March 5, 2013), *perm. app. denied, id.* (Tenn. June 18, 2013). Petitioner then filed on October 12, 2012, a petition for writ of error coram nobis, which was summarily dismissed and the Tennessee Court of Criminal Appeals affirmed. *Bailey v. State*, No. E2012-02554-CCA-R3-PC, 2013 WL 865329 (Tenn. Crim. App. June 27, 2013).

Pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitation for state prisoners to file a habeas corpus petition in federal court; the limitation period generally runs from the date on which the judgment of conviction became final, with the provision that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id*. § 2244(d)(2).

Petitioner's conviction became final on July 22, 2007, which was 90 days after the Tennessee Supreme Court denied his application for permission to appeal on direct appeal. *Bronaugh v. State of Ohio*, 235 F.3d 280 (6th Cir. 2000) (statute of limitation is tolled during the 90 days within which petitioner could have filed a petition for writ of certiorari with the U.S. Supreme Court on direct appeal). The statute of limitation commenced running at that time.

Since petitioner's state post-conviction petition was dismissed as untimely, it was not a "properly filed" petition and could not extend the time for filing a habeas corpus petition in federal court. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Petitioner had until July 22, 2008, to file his petition for the writ of habeas corpus in the federal court.

The state habeas corpus petition and the petition for error coram nobis were both filed after the deadline for filing in federal court and could not extend the deadline.

Petitioner filed his federal habeas corpus petition on July 11, 2013.[1]  The Attorney General moves to dismiss the petition as untimely.  In response to the motion to dismiss, petitioner claims he is entitled to relief under the doctrine of equitable tolling.

The Supreme Court has now held that equitable tolling of a statute of limitation is available "in appropriate cases."  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  "A habeas petitioner is entitled to equitable tolling only if two requirements are met.  First, the petitioner must establish 'that he has been pursuing his rights diligently.'  And second, the petitioner must show 'that some extraordinary circumstance stood in his way and prevented timely filing.'"  *Hall v. Warden*, 662 F. 3d 745, 749 (6th Cir. 2011) (quoting *Holland v. Florida*, 560 U.S. at 649) (holding that counsel's failure to turn over the trial transcript as well as other documents related to the case and the prison's restriction on visits to the law library did not entitle petitioner to equitable tolling; also noting that *Holland* 's two-part test replaced the five-factor inquiry the Sixth Circuit had previously set forth in *Dunlap v. United States*, 250 F.3d 1001, 1004-07 (6th Cir. 2001)).

According to petitioner, through no fault of his own, he was erroneously released from prison on April 22, 2008, because the felony murder conviction had merged into the first degree murder conviction and the first degree murder conviction had been dismissed.

---

[1] The petition was received by the Clerk's Office on July 15, 2013.  However, the envelope bears a stamp showing it was received by the prison mail room for mailing on July 11, 2013.  Pursuant to the "prison mail box rule" of *Houston v. Lack*, 487 U.S. 266 (1988), a pleading is "filed" by a pro se prisoner when it is given to a prison official for mailing.

A capias issued for petitioner on May 1, 2008, presumably after the authorities realized their mistake, and he was arrested on May 6, 2008. (Court File No. 14, Response, Exhibit A, Hamilton County Criminal Court Rule Docket).

Petitioner argues he filed his state post-conviction petition on November 24, 2008, approximately six months after his rearrest, and that his arrest should have begun anew the deadlines for challenging his conviction. According to petitioner, this demonstrates that he was diligently pursuing his rights. He also argues the State's erroneous decision to release him was beyond his control and prevented his timely filing the post-conviction petition. Petitioner takes the position the state petition for post-conviction relief was timely filed. The determination by the Tennessee state courts that the state post-conviction petition was untimely, however, is binding on this court. *See, e.g., Vroman v. Brigano*, 346 F.3d 598, 604 (6th. Cir. 2003). In any event, the Court disagrees petitioner's release prevented the timely filing of post-conviction documents.

In addition, on April 23, 2010, the Tennessee Supreme Court denied petitioner's application to appeal the dismissal of his post-conviction petition as time-barred. Petitioner does not explain why he waited over three years from that date to file his habeas corpus petition in federal court. There is nothing in the record to indicate any extraordinary circumstance that prevented petitioner from filing his federal habeas corpus and the Court finds that he has not been diligent in pursuing his rights. *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)) ("'Absent compelling equitable considerations, a court should not extend limitations by even a single day.'").

5

Petitioner's habeas corpus petition was not timely filed and is barred by the statute of limitation. Petitioner is not entitled to equitable tolling. Accordingly, the motion to dismiss will be **GRANTED**. The petition for habeas corpus relief will be **DENIED** as time-barred and this action will be **DISMISSED**. Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. The Court will further **DENY** petitioner leave to proceed *in forma pauperis* on appeal.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

6